| | |
|---|---|
| ANGELA MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| ANDREW SAUL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the parties' opposing Motions for Summary Judgment. (Doc. Nos. 9, 10). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff protectively filed an application for a period of disability and disability insurance benefits (DIB) on November 25, 2014. (Tr. 254).[1] Plaintiff alleged disability beginning on April 12, 2012, because of post-traumatic stress disorder, bulging and degenerative lumbar discs, right leg sciatica, bilateral cubital tunnel syndrome, and bilateral arthritis of the hands. (Tr. 274). Plaintiff's applications were denied initially and upon reconsideration. (Tr. 155, 176). At

---

[1] Plaintiff filed a prior application for DIB (and an application for Supplemental Security Income payments) in 2006, alleging disability beginning on August 4, 2005. (Tr. 144). Those applications were denied at the ALJ level on January 21, 2009. (Tr. 144-49). The Appeals Council denied review of the prior ALJ's decision on January 15, 2010. (Tr. 150).

-1-

Plaintiff's request, an ALJ held a hearing on December 20, 2017, where Plaintiff appeared and testified. (Tr. 99-140). Plaintiff was represented by an attorney, and a vocational expert ("VE") appeared and testified at the ALJ hearing. (Tr. 99-140). On February 27, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 81-93). On August 24, 2019, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6). Plaintiff now seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g). Defendant has answered Plaintiff's Complaint, and this case is now before the Court for disposition of the parties' cross-motions for summary judgment.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the Court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the Court were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. For the following reasons, the Court finds that the ALJ's decision was supported by substantial evidence.

### B. Sequential Evaluation

The Act defines "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2). To qualify for DIB under Title II of the Act, 42 U.S.C. §§ 416(i) and 423, an individual must meet the insured status requirements of these sections, be under retirement age, file an application for disability insurance benefits and a period of disability, and be under a "disability" as defined in the Act.

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

   a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

   b. An individual who does not have a "severe impairment" will not be found to be disabled;

   c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

   d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

   e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

   **C. The Administrative Decision**

In rendering his decision, the ALJ applied the five-step sequential evaluation process for evaluating claims for disability under the Act. (Tr. 81-93). See Barnhart v. Thomas, 540 U.S. 20, 24 (2003); 20 C.F.R. § 404.1520(a)(4). First, the ALJ determined that Plaintiff last met the insured status requirements of the Act on December 31, 2017. (Tr. 83). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time between her alleged onset date, April 12, 2012, and her date last insured. (Tr. 83). At step two, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease, chronic pain syndrome, and idiopathic peripheral neuropathy. (Tr. 83).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the Listings. (Tr. 86). See 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ then determined that Plaintiff, despite her impairments, had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), with certain additional restrictions. (Tr. 86-87). Plaintiff could occasionally climb ramps and stairs. (Tr. 86). She could never climb ladders, ropes, or scaffolds. (Tr. 86). She could occasionally balance, stoop, kneel, crouch, and crawl. (Tr. 86-87). She could frequently work at unprotected heights and around moving mechanical parts. (Tr. 87).

At step four, the ALJ found that Plaintiff could still perform her past relevant work as a rental agent, storage facility rental clerk, secretary, and accounting technician. (Tr. 92). Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. 25).

**V.     Discussion**

According to Plaintiff's earnings record, she was last insured for DIB on December 31, 2017, so she must demonstrate that she was disabled before that date. (Tr. 262). Thus, the specific issue here is whether Plaintiff was disabled at any time between her alleged onset date of

February 12, 2012, and her date last insured, December 31, 2017. Plaintiff raises two challenges to the ALJ's decision. Plaintiff alleges that: (1) the ALJ did not properly evaluate the medical opinion of treating physician Thomas V. Clayton, M.D., and (2) the Appeals Council should have found additional evidence submitted to it to be material. However, as discussed further below, the ALJ gave good reasons for giving little weight to Dr. Clayton's opinion. In addition, the Appeals Council correctly found that some of the evidence did not show a reasonable probability that it would change the outcome of the ALJ's decision, and that the remainder of the records submitted did not relate to the period at issue. Accordingly, this Court will affirm the ALJ's decision.

**A. Whether the ALJ Appropriately Weighed Dr. Clayton's Opinion**

A treating physician's opinion can be given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c)(2).[2] Here, Dr. Clayton completed a physical RFC questionnaire on December 11, 2017. (Tr. 1016-20). He indicated, among other things, that he had treated Plaintiff for six months (and did not indicate the nature or frequency of the contact). (Tr. 1016).[3] Dr. Clayton indicated that Plaintiff could sit for just 2 hours both continuously and total in an 8-hour workday. He also opined the

---

[2] On January 18, 2017, the agency published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844. See also 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). These final rules are effective as of March 27, 2017 and apply to claims filed on or after that date. When evaluating opinion evidence, for claims filed before March 27, 2017, the revised rules in 20 C.F.R. § 404.1527 apply; therefore, these rules apply to the ALJ's decision in this case, where the claim was filed on November 25, 2014.

[3] The record indicates that Dr. Clayton saw Plaintiff just twice during the period at issue: on June 21 and October 3, 2017. (Tr. 999-1014).

same with respect to standing and walking. (Tr. 1017-18). He indicated that Plaintiff needed to be able to shift positions at will from sitting, standing, or walking. (Tr. 1018).

He suggested that Plaintiff walk for five minutes every hour and a half. (Tr. 1018). He thought Plaintiff might need two, unscheduled, five-minute breaks per day. (Tr. 1018). Dr. Clayton indicated that Plaintiff did not need to elevate her legs or use an assistive device to walk. (Tr. 1018). He further opined that Plaintiff could occasionally lift up to 10 pounds and never lift 20 pounds. (Tr. 1019). He indicated that Plaintiff had significant limitations in repetitive reaching, handling, and fingering, but it is not clear how limited he thought Plaintiff was. (Tr. 1019). Finally, he estimated that Plaintiff would be absent from work one day a month. (Tr. 1019). Dr. Clayton cited as the clinical findings and objective signs to support his opinion increased straight leg raise pain on the right side and tenderness to palpation of the lumbar spine, (having noted that Plaintiff had had a herniated disc "in past"). (Tr. 1016).

The ALJ considered Dr. Clayton's findings, as well as the other relevant evidence of record and concluded that Dr. Clayton's opinion was entitled to little weight. (Tr. 91-92). The ALJ first correctly noted that Dr. Clayton said he had only seen Plaintiff for six months. See 20 C.F.R. § 404.1527(c)(2)(i) (stating that, when weighing treating source opinions, both the length of the treatment relationship and the frequency of examination is considered). The ALJ also correctly observed that Dr. Clayton's opinion was inconsistent with several other physical examinations. (Tr. 91). For instance, the ALJ noted that a March 28, 2013, consultative examination showed 5/5 motor strength and normal sensation in all extremities. (Tr. 91). The ALJ also cited lack of weakness or atrophy and intact sensation in both hands upon examination on September 11, 2015. (Tr. 91-92). The ALJ further cited the numerous and varied daily activities that Plaintiff described in her hearing testimony and on a function report during the

period at issue. (Tr. 92). Because the ALJ's weighing of Dr. Clayton's opinion is supported by substantial evidence, it must therefore be affirmed. By contrast, Plaintiff points to other, positive findings from the examinations to which the ALJ referred. (Plaintiff's Brief at 6-7). However, the relevant standard here is not whether the record contains evidence to support a different view of the opinion at issue, but whether the ALJ cited substantial evidence to support his view of the evidence. As explained above, he did that.

Plaintiff also criticizes the ALJ's discussion of her daily activities, alleging that the ALJ did not consider the alleged difficulty with which she performs such activities. (Plaintiff's Brief at 7-9). The record shows, however, that the ALJ was correct in considering that Plaintiff reported that she cares for her husband and father-in-law—both of whom she described as disabled. (Tr. 291). Moreover, as the ALJ noted, Dr. Sherri Love recounted Plaintiff's varied daily activities as well, including managing personal hygiene independently, driving, preparing meals, performing basic household cleaning, grocery shopping, using a computer, taking care of her dog, watching television, reading, attending religious services at least twice a month, and making jewelry. (Tr. 921-22). Significantly, Dr. Love recounted those many activities without any qualification or indication that Plaintiff had difficulty performing them. Thus, Plaintiff's first assignment of error fails.

### B. Whether the Appeals Council Correctly Considered Additional Evidence

When requesting Appeals Council review of an ALJ's decision, a claimant may submit additional evidence that was not before the ALJ if that evidence is new, material, and relates to the period on or before the date of the ALJ's hearing decision. See Meyer v. Astrue, 662 F.3d 700, 704-705 (4th Cir. 2011); 20 C.F.R. § 404.970(b). Evidence is material when there is a "reasonable possibility" that it would have changed the ALJ's decision. Wilkins v. Secretary,

Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991).  In addition, HALLEX § I 3-3-6 provides that the Appeals Council does not apply a strict deadline when determining whether post-dated evidence pertains to the period on or before the date of the ALJ's decision.  Sometimes, evidence that post-dates the ALJ's decision can relate to the period on or before the date of the ALJ's decision—such as when it makes a "direct reference" to the time period adjudicated in the ALJ's decision.  Id.  The HALLEX further explains that a direct reference to the period at issue is particularly important in cases like this one, involving the expiration of a date last insured.

Here, the Appeals Council correctly found that the additional evidence was not material.  (Tr. 1-4).  Some of the evidence at issue consists of MRI results from tests performed at Northside Hospital on March 14, 2019.  (Tr. 2, 15-20).  The results from these 2019 tests do not purport in any way to relate back to the period before Plaintiff's insured status expired (December 31, 2017), nor do they directly reference that period.  The same is true with respect to the February 19, 2019, progress note from Plaintiff's office visit to Mark Vavra, M.D., at DLP Western Carolina Physician Practices.  (Tr. 2, 27-31).  If anything, they show a worsening in Plaintiff's condition after the period at issue, as Plaintiff told Dr. Vavra that her pain had "intensified significantly over the past year."  (Tr. 31).  Similarly, Plaintiff referred to a gradual worsening of her subjective symptoms when she visited physical therapist Jesse Miller on July 30, 2018.  (Tr. 61-63).  And there is nothing in these records in which these medical sources themselves refer back from a clinical standpoint to Plaintiff's condition as it existed during the period at issue.

The February 19, 2019, opinion from Mr. Miller does not alter the Court's conclusion, as it merely refers to some possible diagnoses "which may result in impairments…" without any

-9-

Case 1:19-cv-00286-MOC   Document 13   Filed 04/20/20   Page 9 of 11

reference to functioning. (Tr. 49). In addition, Mr. Miller relied on Plaintiff's own report, "which is my sole source," to establish the length of time that Plaintiff had been impaired (in some unspecified way). (Tr. 50). As such, it holds little value. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

Finally, Plaintiff also submitted another medical source questionnaire from Dr. Clayton dated February 19, 2019. (Tr. 53-54). The Appeals Council correctly explained that the questionnaire did not show a reasonable probability that it would change the outcome of the ALJ's decision. (Tr. 2). Indeed, as discussed above, the ALJ properly rejected another opinion from Dr. Clayton that pertained to the period at issue (unlike the later submitted opinion). The second opinion offers no explanation for the statements contained therein. Plaintiff has failed to establish that this evidence is material. Plaintiff points to no language in any of the evidence at issue to establish that it is retrospective in any way. (Plaintiff's Brief at 12). In fact, Plaintiff does not even discuss the details of this evidence or what elements of it she thinks warrant changing the ALJ's decision.

Plaintiff's reference to Bird v. Comm'r of Social Sec. Admin., 699 F3d 337 (4th Cir. 2012) fails to bolster her argument, as the Appeals Council's action was consistent with the Bird requirements. (Plaintiff's Brief at 11-12). Bird requires consideration of evidence created after the date last insured when that evidence permits an inference of linkage back to the claimant's condition as it existed before the date last insured. Bird, 699 F. 3d at 341. As explained above, the Appeals Council did not simply reject the evidence because it post-dated the date last insured. Rather, the Appeals Council appropriately considered the additional evidence Plaintiff submitted and then correctly determined that it did not, in fact, relate back to the period at issue

-10-

Case 1:19-cv-00286-MOC   Document 13   Filed 04/20/20   Page 10 of 11

or to Plaintiff's condition during the relevant period in any way. Plaintiff has failed to establish that the Appeals Council was wrong on this point. Thus, this second assignment of error fails.

## VI. Conclusion

The Court has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Perales</u>, 402 U.S. at 401, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED;**

(2) Plaintiff's Motion for Summary Judgment, (Doc. No. 9) is **DENIED;**

(3) The Commissioner's Motion for Summary Judgment, (Doc. No. 10) is **GRANTED;** and

(4) This action is **DISMISSED.**

Signed: April 20, 2020

Max O. Cogburn Jr.
United States District Judge